UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KEENAN DEON WHITE, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. CIV-17-829-R |
| BRITTANY LNU, et al., | ) ) ) |  |
| Defendants. | ) |  |

# REPORT AND RECOMMENDATION

Plaintiff Keenan Deon White, a state prisoner appearing pro se, submitted a letter that the Court liberally construed as a 42 U.S.C. § 1983 complaint. This case was referred to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636.

## I. Background

Plaintiff's efforts to initiate a lawsuit were deficient for two reasons.

First, Plaintiff's pleading fails to clearly identify the defendants, to state "a short and plain statement of the grounds for the court's jurisdiction" and supporting facts for legal claims, or to include a decipherable "demand for the relief sought"—all as required by the Federal Rules of Civil Procedure and by this Court's Local Civil Rules and forms. *See* Compl. (Doc. No. 1); Fed. R. Civ. P. 8(a); LCvR 9.2(a). In addition, Plaintiff failed to either pay the required filing fee or file an application for leave to proceed *in forma pauperis*.

Accordingly, on September 1, 2017, the Court ordered Plaintiff that if he wished to proceed with this lawsuit, he must cure the deficiencies listed above and (i) submit an

amended complaint on the Court's approved form to the Clerk of the Court for filing and (ii) either pay the $400.00 filing fee or file an application seeking leave to proceed *in forma pauperis*, using the Court's prescribed form. *See* Order of Sept. 1, 2017 (Doc. No. 4) at 2. Plaintiff was directed that he must comply with this Order no later than September 22, 2017, and advised that "[f]ailure to comply with this Order may result in the dismissal of this action without prejudice." *Id.*

II. *Discussion*

As of the present date, Plaintiff has not corrected the pleading deficiencies, submitted payment or an *in forma pauperis* application, requested an extension of time to comply with the deadline, or otherwise contacted the Court regarding this lawsuit. There is no indication from the docket that Plaintiff did not receive the Court's previous order, which was mailed to Plaintiff's address of record. *See* Doc. No. 4; LCvR 5.4(a).

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the

amended complaint on the Court's approved form to the Clerk of the Court for filing and (ii) either pay the $400.00 filing fee or file an application seeking leave to proceed *in forma pauperis*, using the Court's prescribed form. *See* Order of Sept. 1, 2017 (Doc. No. 4) at 2. Plaintiff was directed that he must comply with this Order no later than September 22, 2017, and advised that "[f]ailure to comply with this Order may result in the dismissal of this action without prejudice." *Id.*

II. *Discussion*

As of the present date, Plaintiff has not corrected the pleading deficiencies, submitted payment or an *in forma pauperis* application, requested an extension of time to comply with the deadline, or otherwise contacted the Court regarding this lawsuit. There is no indication from the docket that Plaintiff did not receive the Court's previous order, which was mailed to Plaintiff's address of record. *See* Doc. No. 4; LCvR 5.4(a).

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the

dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014); *Soboroff v. Doe*, 569 F. App'x 606, 608-09 (10th Cir. 2014); *Frey v. McCormack*, 150 F. App'x 848, 849-50 (10th Cir. 2005).

Plaintiff's failure to prosecute his action and to comply with the Court's Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). The Court has provided Plaintiff sufficient notice of the possibility of dismissal and opportunity to respond, as well an additional response opportunity through objection to this Report and Recommendation. *See* Order of Sept. 1, 2017; LCvR 5.4(a).

## RECOMMENDATION

Accordingly, the undersigned recommends that the Court dismiss this action without prejudice.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 26, 2017, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 5th day of October, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE